## WILLIAM DECKER *vs.* JOHN DECKER.

### Somerset.  Opinion February 22, 1883.

*Executors and administrators.  Sales of real estate.  Probate practice.*

When the administrator is next of kin, no notice is required prior to granting administration.

When an offer, made for the purchase of land, is deemed advantageous by the administrator and upon his petition, after publication of order of notice thereon, in accordance with R. S., c. 71, § 5, license is granted by the judge of probate to accept the same upon giving the required bond, the land is sold and a deed given to the purchaser, it is no defence to a real action brought by one holding under such deed, that the administrator did not account for the price of the land sold.  In such case the remedy of the parties interested is on the bond.

When the judge of probate has jurisdiction his decree is conclusive where there is no appeal.

When the administrator purchases property of the estate collusively, by an agent, the heirs may avoid the sale by proceedings in equity.

ON REPORT.

Real action to obtain possession of certain premises in Smithfield.  Writ dated August 2, 1880.  Plea, *nul disseizin*.

The demandant claimed title to one-quarter part of the premises, which were the property of Thomas J. Decker at the time of his death, as an heir at law to said deceased.  The defendant claimed title under the deed of the administrator on the estate of said deceased.

The opinion states the material facts.

*John H. Webster and S. H. Willard,* for the plaintiff.

The widow not choosing to administer, all the heirs were entitled to a voice in selecting an administrator, and notice should have been given for that purpose.  None was given.  Stat. of 1874, c. 169, § 2.

The provision in the form of the license, requiring the administrator to be paid or fully secured before the delivery of the deed, is left out, and it nowhere appears that the administrator received a dollar for the conveyance. In fact he never did.

As administrator had only the interest of a trustee for creditors and others, he could not become a purchaser directly or through the intervention of a friend. *Pratt* v. *Thornton*, 28 Maine, 355; *Wormly* v. *Wormly*, 8 Wheaton, 421; *Boynton* v. *Brastow*, 53 Maine, 363; *Litchfield* v. *Cudworth*, 15 Pick. 31; *Copeland* v. *Mercantile Ins. Co.* 6 Pick. 198; *Jennison* v. *Hapgood*, 7 Pick. 1; *Arnold* v. *Brown*, 24 Pick. 89, 96.

After the probate records showing want of jurisdiction and defects in the proceedings and evident indications of collusion were in, it was certainly competent for us to show fraud in those proceedings. It is only where the proceedings on their face are all regular, that parties that might have been heard are precluded from showing fraud. We offered to prove fraud which was objected to and excluded, without any reason assigned for either. *Fairfield* v. *Gullifer*, 49 Maine, 360; *Gross* v. *Howard*, 52 Maine, 192; *Moody* v. *Moody*, 11 Maine, 247; *Fowle* v. *Coe*, 63 Maine, 245; *White* v. *Briggs*, 27 Maine, 114; *Record* v. *Howard*, 58 Maine, 225.

*Walton and Walton*, for the defendant, cited: R. S., c. 64, §17; Luce's Prob. Prac. 45; *Bean* v. *Bumpus*, 22 Maine, 549; *Bates* v. *Sargent*, 51 Maine, 423; *Potter* v. *Webb*, 2 Maine, 257; *Pierce* v. *Irish*, 31 Maine, 254; *Simpson* v. *Norton*, 45 Maine, 281; *Harlow* v. *Harlow*, 65 Maine, 449; *Laughton* v. *Atkins*, 1 Pick. 535; *Paine* v. *Stone*, 10 Pick. 75; *Loring* v. *Sterneman*, 1 Met. 208; *Parcher* v. *Bussell*, 11 Cush. 107; Freeman on Judgments, 443.

APPLETON, C. J. The demandant shows a good title by descent to a part of the premises in controversy.

The title of the tenant is by a sale by himself as administrator on the estate of Thomas J. Decker, the father of the parties to this litigation, to Lucinda Decker, and a deed from her to him of the demanded premises.

It is objected that notice was not given, upon the petition for the appointment of an administrator. But the administrator being one of the heirs, and next of kin, notice was not required. *Bean* v. *Bumpus*, 22 Maine, 549.

An offer, deemed advantageous by the administrator, was made, and he petitioned the judge of probate for license to accept the offer made and notice thereof was given to the public by publication three weeks in a newspaper printed in the county where the land lay. R. S., c. 71, § 5. Leave being granted. after proof of publication, license was granted, the land sold, a. deed given to the purchaser as well as the bond required to· protect those interested as creditors or heirs in the estate.

It is urged that the administrator had not received anything for the land sold and conveyed and that he has not accounted for anything as paid. It is enough to say that he is liable on his· bond to account for the proceeds of the sale, which he has returned as made.

The judge of probate had jurisdiction. Having jurisdiction and there being no appeal, his decree in matters within his juris-· diction is conclusive. Such has been the uniform current of authority from the case of *Potter* v. *Webb*, 2 Maine, 257, to that of *McLean* v. *Weeks*, 65 Maine, 411.

The parties are heirs of Thomas J. Decker. The complainant. might have contested the proceedings in the probate court, and if dissatisfied appealed therefrom. But not appealing, he cannot afterwards impeach the proceedings from which he might have appealed. *Harlow* v. *Harlow*, 65 Maine, 448.

It is sometimes a matter of complaint that notice is not given. to parties interested in the settlement of estates. It is the duty of the probate court to watch carefully over its proceedings to· see that there is no failure of justice from that cause. If the· present requirements of the statute are insufficient, all that remains is for the legislature to make further provisions for giving all persons notice.

It is argued the administrator is a trustee for the creditors and that he cannot directly or indirectly purchase in the trust prop- erty for his own benefit. That is undoubtedly correct. *Litch-*

*field . v. Cudworth*, 15 Pick. 31 ; *Boynton* v. *Brastow*, 53 Maine, 363.

It is claimed that this sale was made to the plaintiff's mother collusively and for his benefit. If so, the heirs may avoid the sale or confirm it as they or any one of them may deem expedient. This may be done by bill in equity. *Boynton* v. *Brastow*.

*Plaintiff nonsuit.*

WALTON, BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.